**Steven R. SMITH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CVS980974–JBR(RJJ).

United States District Court, D. Nevada.

March 1, 1999.

Steven R. Smith, Henderson, NV, pro se.

Kathryn Landreth, United States Attorney, District of Nevada, Las Vegas, NV, Jennifer A. Giaimo, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

### *ORDER*

RAWLINSON, District Judge.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (# 5) and Defendant's Motion to Dismiss (# 6). Defendant filed a Response to Plaintiff's Motion for Summary Judgment (# 10A), and Plaintiff filed an Opposition to the United States [sic] Motion to Dismiss (# 10). Because Plaintiff has failed to state a claim upon which relief may be granted, Defendant's Motion to Dismiss (# 6) must be granted.

### I. BACKGROUND

Plaintiff Steven R. Smith ("Smith") brings this pro se suit in which he seeks a refund of federal income taxes withheld from his wages in 1996. On his 1996 tax return, Smith claimed he had $0 income and overpaid $4,466.25 in federal income taxes. (attached to Complaint (# 1)) Smith's W–2 form revealed that he had

wages of $25,311.97 and the federal income tax withheld was $4,466.25. Defendant argues in its Motion to Dismiss (# 6) that the Complaint (# 1) fails to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. *Motion to Dismiss*

A defendant may file a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). All well-pleaded allegations of material fact made by the non-movant are taken as true and construed in a light most favorable to the non-movant. *Wyler Summit Partnership v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998). The court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir. 1998).

### B. *Refund of Income Taxes*

Smith argues he is entitled to a refund of the entire amount withheld from his wages because no assessment has been made against him. The taxes withheld from Smith's wages are deemed to have been paid on April 15, 1997. *See* 26 U.S.C. § 6513(b)(1); *Comm'r of Internal Revenue v. Lundy,* 516 U.S. 235, 238, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (taxes withheld from wages are deemed paid on the date tax return was due). Smith's employer properly withheld the taxes pursuant to 26 U.S.C. § 3402(a), which provides that every employer shall deduct and withhold a tax in accordance with the tables or procedures prescribed by the government. 26 U.S.C. § 3402(a). Smith is mistaken in believing that the government must make an assessment before taxes are due. 26 U.S.C. § 6151 provides:

Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).

26 U.S.C. § 6151(a). Smith was therefore required to pay the tax without assessment from the government.

In this refund suit, Smith has the burden to prove overpayment of tax. *See Watts v. United States,* 703 F.2d 346, 348 (9th Cir.1983) (citations omitted). Smith did not file his Form 1040 correctly since he listed his income as "zero" when he had at least $25, 311.97 in income as shown on his Form W-2. "Gross income" means all income from whatever source derived, including compensation for services. 26 U.S.C. § 61(a). Smith therefore cannot prove overpayment of taxes.

## III. CONCLUSION

Smith is mistaken in believing that the government must make an assessment before taxes are due. Smith cannot prove that he overpaid taxes. Because Smith has failed to state a claim upon which relief may be granted, the government's motion will be granted.

IT IS THEREFORE **ORDERED** that Defendant's Motion to Dismiss (# 6) is GRANTED.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Summary Judgment (# 5) is DENIED.